IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.) GINA KANELOPOULOS and,<br>2.) GEORGE J. KANELOPOULOS, JR.,<br><br>       Plaintiffs,<br><br>v.<br><br>3.) ALLSTATE INSURANCE<br>  COMPANY, and,<br>4.) COLUMBIA CASUALTY<br>  COMPANY, a CNA INSURANCE<br>  COMPANY,<br><br>       Defendants. | Case No. CIV-13-993-C<br><br>Removed From District Court<br>of Oklahoma County, State of Oklahoma,<br>Case No. CJ-2013-1470 |

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate"), respectfully submits this Notice of Removal of the above-styled cause to the United States District Court for the Western District of Oklahoma. In support thereof, Allstate states as follows:

The action is now pending in the District Court of Oklahoma County, State of Oklahoma, as above captioned and docketed as Case No. CJ-2013-1470. Copies of all the process and pleadings filed in this action to-date are attached as Exhibits 1 and 2. A copy of the Docket Sheet from the State court action is attached as Exhibit 3.

Removal from state court is proper when subject matter jurisdiction exists under the diversity statute, 28 U.S.C. § 1332, and is affirmatively established on either the face of the Petition or the Notice of Removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Diversity jurisdiction is determined at the time of removal. *St. Paul Macury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, at 292-93. Further, any defendant <u>not</u>

served with legal process does not have to consent to removal. *Sheldon v. Khanal*, 502 Fed.Appx. 765, 770 (10th Cir. Nov. 12, 2012)(holding only served defendants need to consent to removal); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998)(finding 28 U.S.C. § 1446(a)'s requirement that all defendants must join in removal applies <u>only</u> to defendants properly joined and served in the state court action); *Fisher v. Alfa Chemicals Italiana*, 258 Fed.Appx. 150, **1 (9th Cir. 2007)(holding removing party is not required to explain why non-served defendants did not join in removal); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968)(holding non-served co-defendant need not join in removal); *Brown v. Jevic,* 575 F.3d 322, 327 (3d. Cir. 2009)("[A] defendant who has not been served need not consent to removal.").

Here, Plaintiffs filed the Petition on March 8, 2013, against two Defendants, (1) Allstate Insurance Company, and (2) Columbia Casualty Company. Allstate was served on or about September 3, 2012. Thus, Allstate's removal is timely as this matter was removed to federal court within thirty-days of service.

Plaintiffs' Petition did not allege any of the parties' citizenship. *See,* Exhibit 2. Nonetheless, removal is proper because there is diversity of citizenship between the parties. Here, Plaintiffs are citizens of the State of Oklahoma. Allstate is an Illinois corporation with its principal place of business in Illinois. Columbia Casualty Company ("Columbia") is an Illinois corporation with its principal place of business in Illinois.

Allstate has reviewed the state court docket sheet and it does not appear that service has been achieved on Columbia. Counsel for Columbia has not entered an

appearance or filed pleadings or motions to-date. Therefore, Columbia is not required to consent to Allstate's removal to federal court. *See*, *Sheldon,* 502 Fed.Appx. at 770; *Emrich,* 846 F.2d at 1193 n.1; *Fisher*, 258 Fed.Appx. 150 at **1; *P.P. Farmers' Elevator Co.*, 395 F.2d at 547-48; *Brown,* 575 F.3d at 327.

Second, the requisite amount in controversy, exclusive of interests and costs, is in excess of $75,000.00. 28 U.S.C. § 1332A. "The amount in controversy is ordinarily determined by the allegations of the complaint….". *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, the Petition demonstrates that Plaintiffs seek more than $75,000.00 in actual damages. According to the Prayer For Relief, "Plaintiffs…pray for judgment against Defendants…in an amount in excess of $75,000.00." Ex. 2, pg. 3, Prayer For Relief. *See also, id.*, ¶ 5. Consequently, the diversity statute's jurisdictional amount is met.

All named parties to this action are of diverse citizenship and the requisite amount is in controversy. Columbia, as a non-served and non-joined diverse defendant, need not consent to this removal. Therefore, the United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under 28 U.S.C. § 1332 and Allstate is entitled to have this action removed to federal court.

WHEREFORE, Defendant Allstate Insurance Company requests that the Court assume original jurisdiction of this cause and proceed with it to completion and to enter such orders and judgments as may be deemed necessary to protect its jurisdiction or as justice may require.

Respectfully submitted,

  s/ RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR., OBA #20296
TOMLINSON · RUST · MCKINSTRY · GRABLE
Two Leadership Square, Suite 450
211 N. Robinson Ave.
Oklahoma City, OK 73102
405/606-3370
877/917-1559 (FAX)
E-mail: ronw@trmglaw.com
         jerryn@trmglaw.com
*Attorneys for Defendant, Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

George J. Kanelopoulos, Jr., OBA #12950
KANELOPOULOS LAW FIRM, P.C.
4549 NW 36th Street
Oklahoma City, OK  73122
405/787-1999
405/787-1900 (Fax)


  s/ RONALD L. WALKER